IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01738-WDM-MEH

DONALD B. ANDREWS,

    Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**
_____

    Applicant has filed a motion, requesting for appointment of counsel. The right to counsel guaranteed under the Sixth Amendment applies only to criminal proceedings. *Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 821 n. 29 (10th Cir. 1995). Habeas corpus proceedings are civil in nature, not criminal. *Id.* (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Therefore, no constitutional right to counsel exists in habeas proceedings. *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). However, if the interests of justice so require, a habeas applicant who is financially unable to obtain representation may be appointed counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001), *cert. denied*, 535 U.S. 1001 (2002).

    Having considered the current record in this case, the Court finds that the Applicant currently appears able to present his case adequately. The factual and legal issues raised in this case are not so numerous or complex that appointment of counsel is necessary. *Cf. Castner v. Colorado Springs*

*Cablevision*, 979 F.2d 1417 (10th Cir. 1992); *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985). Further, the Applicant has not provided the court with any indication that he has made reasonable efforts to seek counsel on his own behalf. *Cf. Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992); *Castner*, 979 F.2d at 1422. The fact of Applicant's incarceration, and the hardships it may place on him in prosecuting this case, are more the norm than a special circumstance in this type of case before this Court, and therefore, does not provide special circumstances to consider in determining whether to appoint counsel.

Should this case proceed to a point where significant investigation, discovery, and/or preparation for an evidentiary hearing becomes necessary, the Applicant may renew his request for appointment of counsel.

Accordingly, it is hereby **ORDERED** that Applicant's alternative Motion for Appointment of Counsel [Filed May 17, 2007; Docket #17-3] is **denied.**

Dated at Denver, Colorado, this 22nd day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge