IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01738-WDM-MEH

DONALD B. ANDREWS,

    Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## RECOMMENDATION ON APPLICANT'S
## MOTION FOR DISMISSAL WITHOUT PREJUDICE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By motion filed on May 17, 2007, the Applicant has requested that the Court dismiss this action without prejudice, because his situation of being housed in segregation makes it difficult for him to access legal materials and receive assistance from other inmates, and also because he has not yet received a ruling on his motion for proportionality review which is pending in Arapahoe County District Court (Docket #17). Respondents have indicated they do not oppose the motion (Docket #21).

Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *See* Rule 11 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in part, that a party bringing suit may seek voluntary dismissal of an action "upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified by the court, a dismissal under this paragraph is without prejudice." Dismissals under Rule 41(a)(2) are within the sound discretion

of the court. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (*citing* 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2364 at 161). Also included within this discretion is the determination of whether conditions should be placed upon such dismissal to protect the opposing parties. *See Allstate Insurance v. Harvey*, 126 F.R.D. 76, 78 (D.Kan. 1989).

In this case, the Respondents do not oppose the dismissal and have not requested any conditions be placed upon the dismissal. The Applicant has previously acknowledged his awareness of the one-year statute of limitations for the filing of applications for federal habeas relief by persons in state custody. While the record reflects that the Applicant is close to having expended the one-year limitations period[1], his collateral review proceedings in Arapahoe County District Court are on-going and therefore, appear to provide a basis for continued tolling of the limitations period.

Additionally, a stay of this matter to allow the Applicant to exhaust his state remedies is not warranted. A stay would be appropriate if an applicant can demonstrate the claims are potentially meritorious. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In this case, the claim the Applicant is seeking to exhaust concerns the proportionality of his sentence, under arguments that changes in the sentencing law found at Colo.Rev.Stat. § 18-1-105(9)(a)[2] in 1989, 1990, and 1996, cause his sentence to be unconstitutionally disproportionate. First in this regard, under state law, there is a three-year statute of limitations applicable to proportionality reviews. *See People v. Talley*, 934 P.2d 859 (Colo.Ct.App. 1996). Because Applicant did not directly appeal his conviction or sentence, his conviction was final 45 days after the entry of his judgment of conviction, S*ee* Colo.A.R. 4(b)(1),

---

[1] The record reflects that Applicant had no application for state post-conviction or other collateral review pending from February 3, 1998, through April 1, 1998 (a period of approximately 27 days), nor from August 30, 2005, through sometime in June, 2006 (a period of more than 275, depending on the date of filing in June, 2006, which is not disclosed by the record).

[2] Now found at Colo.Rev.Stat. § 18-1.3-401.

causing the statute of limitations to begin running in October, 1989, and expire in October, 1992. Therefore, Applicant appears to be well past the three-year statute of limitations in this regard. Further, under Colorado Law, a criminal defendant is entitled to the benefits of changes in the law or amendatory legislation based on a significant change in the law in most cases only before finality has attached to the conviction. *See Shook v. District Court*, 533 P.2d 41, 42 (Colo. 1975). Legislation is presumed to have prospective effect, unless a contrary intent is expressed by the General Assembly. *See Riley v. People*, 828 P.2d 254, 257 (Colo. 1992). Prospective application clauses are routinely placed in legislation, thereby severely restricting the right to request relief such as the Applicant is seeking and will not excuse untimely filing. *See Talley*, 934 P.2d at 860-61. The changes or amendments which the Applicant argues lessens the sentence which he received clearly indicate a prospective effect. *See* COLO.REV.STAT. § 18-1.3-401.

Therefore, with regard to this Applicant it appears that (1) his request for a proportionality review is time barred, and (2) the fact that the statutory amendments are expressly prospective not only will not excuse its untimeliness, but most likely will preclude substantive review. Accordingly, a stay of this matter would not be appropriate and the record demonstrates that dismissal of this matter is appropriate, without any special conditions. The Applicant's request for dismissal should therefore be granted.

## CONCLUSION

Based on the foregoing, it is hereby **recommended** that Applicant's Motion for Dismissal Without Prejudice [Filed May 17, 2007; Docket #17] be **granted** and this action be **dismissed**, without prejudice, against these Respondents.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 29th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge