IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01738-WDM-MEH

DONALD B. ANDREWS,

    Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

# RECOMMENDATION FOR DISMISSAL

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Donald B. Andrews [docket #3]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Application be **denied**.

## BACKGROUND

According to the Application, on August 22, 1989, Mr. Andrews was convicted of one count of second degree burglary and one count of possession of burglary tools. The trial court sentenced him to thirty years for Second Degree Burglary, and a concurrent term of four years for Possession of Burglary Tools. Petitioner did not file a direct appeal of his conviction or sentence.

Nearly five years later, Applicant filed a post-conviction attack pursuant to Colo. R. Crim. P. 35(c) alleging ineffective assistance of counsel for failure to file a direct appeal and for stipulating to an element of the burglary crime without consulting the Applicant. In 1996, the trial court held

a hearing and denied the motion. On appeal, the Colorado Court of Appeals affirmed the trial court's order in July 1997. In particular, the court of appeals rejected claims that counsel had been ineffective for: (1) entering into a stipulation that avoided the admission of other act evidence; (2) not procuring the testimony of an expert witness; (3) not filing a notice of appeal; and (4) cumulative acts of ineffectiveness. Thereafter, the Colorado Supreme Court denied Andrew's petition for writ of certiorari in February 1998.

Applicant then filed a second post-conviction attack pursuant to Colo. R. Crim. P. 35(c) in April 1998 alleging ineffective assistance of both trial counsel and post-conviction counsel, as well as misconduct on the part of the prosecution. Later, Applicant's counsel added a claim that his aggravated range sentence violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). After a hearing, the trial court denied Applicant's motion. In April 2005, the Colorado Court of Appeals affirmed the trial court's order, holding that (1) Applicant's second post-conviction motion violated Colorado's successive petitions rule with respect to his ineffective assistance of trial counsel claim; (2) post-conviction counsel's cross-examination of trial counsel did not affect the result of the proceeding and, therefore, Applicant suffered no prejudice; and (3) *Apprendi* had no retroactive application to Applicant's case. The Colorado Supreme Court denied Applicant's petition for writ of certiorari, and the mandate issued on September 2, 2005.

Applicant filed the instant application for a writ of habeas corpus on August 21, 2006. (Docket #3.) In it, Applicant claims that: (1) his trial counsel was ineffective; (2) his postconviction counsel was ineffective; and (3) his sentence was disproportionate to his crime. (*Id.*) On June 5, 2007, Plaintiff withdrew his third claim stating that he wished "only [to] proceed on claims #1 and #2 for inifective [sic] assistance of counsil [sic]." (*See* docket #24 at 1.)

2

## DISCUSSION

**I.     Standard of Review**

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999). Under the AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

3

of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see, also, Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

> As the Supreme Court has stated:
>
> A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). So, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the

4

trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied. *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Brecht*, 507 U.S. at 623).

## II.  Applicant's Claims

### A.  Whether Applicant received ineffective assistance of post-conviction counsel

Applicant asserts that he suffered violations of the Sixth Amendment in the form of ineffective assistance of counsel during the hearing on his first Rule 35(c) postconviction motion when his counsel, Leo Milan, failed to investigate the facts underlying his previous attorney's testimony and failed to challenge the attorney's testimony as "false." (Docket #3 at 2-3.) Respondent counters that, as "there is no constitutional right to effect postconviction counsel," Applicant may not bring his claim in this forum. (Docket #13 at 16.)

The Court agrees with Respondent. The law is clear that Applicant has no constitutional right to postconviction counsel and, thus, may not seek habeas relief for such claim. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions ... and we

5

decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Thomas v. Gibson,* 218 F.3d 1213, 1222 (10th Cir. 2000) ("There is no constitutional right to an attorney in state post-conviction proceedings."). Federal law has established that there is no constitutional right to an attorney in state post-conviction proceedings. *See Smallwood v. Gibson,* 191 F.3d 1257, 1266 n. 4 (10th Cir. 1999) ("Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because [t]here is no constitutional right to an attorney in state post-conviction proceedings.") (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2254 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")). Also, there is no constitutional right to counsel under the Colorado State Constitution in Rule 35(c) motions. *Breaman v. People,* 939 P.2d 1348 (Colo. 1997).

Therefore, the Court recommends that Applicant's claim for ineffective assistance of postconviction counsel be denied.

B.    Whether Applicant received ineffective assistance of trial counsel

Applicant has alleged that he received ineffective assistance of his counsel at trial based on two separate grounds: (1) counsel acted improperly resulting in prejudice when she stipulated to a "confession" of an element of the crime for which Applicant was charged, "intent to commit theft"; and (2) counsel failed to file a notice of appeal for a direct appeal of Applicant's conviction and sentence. These claims were presented to the state courts on federal constitutional grounds, and are therefore exhausted. *See* docket #3, pp. 4, 8-9.

The Supreme Court has opined that to demonstrate ineffectiveness of counsel, a defendant

must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The review of trial counsel's performance "must be highly deferential" and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). The prejudice component of this test requires the applicant to demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Failure to establish either prong of the *Strickland* standard will result in the denial of habeas relief. *Id.* at 695.

With regard to the ineffective assistance of counsel claims that were presented to the state court pursuant to the applicant's state postconviction appeal, the court identified and applied the appropriate *Strickland* standard set forth in *People v. Valdez*, 789 P.2d 406, 409 (Colo. 1990) (en banc). *See* docket #13-4 at 4. Further, nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Court's precedents to the facts in an objectively unreasonable manner. The court evaluated the totality of the evidence before it, including the evidence and testimony from trial and the postconviction evidentiary hearing that was presented by the parties, and weighed the factors according to the two prongs of the *Strickland* standard. Applicant fails to identify any decision of the United States Supreme Court which holds, based on facts similar to those of the Applicant, that the failures of counsel such as those complained of here result in ineffective assistance of counsel.

7

Additionally, the state appellate court's decision is based upon a reasonable determination of facts in light of the evidence presented. First, the evidence before the court demonstrated that Applicant challenged his trial counsel's decision to enter into a stipulation on an element of a crime with which Applicant was charged. Specifically, trial counsel and the prosecution stipulated that evidence regarding Applicant's alleged statement that "he supported an expensive cocaine habit by committing burglaries" and regarding Applicant's roommate observing him carrying items belonging to a residence that had recently been burgled (*see* docket #13 at 10) would not be admitted so long as the following instruction would be read to the jury:

> The prosecution and defense have agreed that if there was a break-in or attempted break-in at the residence of [the victim], the intent of the actor was to commit the crime of theft.

Docket #13-4 at 3. The court of appeals determined that trial counsel's stipulation was a strategic decision, and that mere strategic or judgmental errors do not rise to the level of incompetence. *Id.* at 5.

This Court agrees. Trial counsel's decision to keep out potentially prejudicial and inflammatory evidence regarding Applicant's drug use and motive to commit burglaries constituted a strategy intended to benefit the Applicant at trial and does not rise to the level of ineffectiveness under *Strickland*. *See Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"); *see also DeLozier v. Sirmons*, 531 F.3d 1306, 1323 (10th Cir. 2008) ("matters of trial strategy . . . cannot be the basis of an ineffective assistance claim unless counsel's decision is so ill chosen that it permeates the entire trial with obvious unfairness").

Moreover, Applicant has failed to demonstrate that the result of his trial would have been

different but for trial counsel's decision to keep out harmful evidence. Applicant's defense involved his assertion that he was not involved in the crime, if one had actually occurred. His state of mind or whether he intended to commit a crime was not a theory on which he relied for his defense. Therefore, the stipulation did not directly affect his defense, and Applicant cannot show that he was prejudiced by it. Trial counsel's decision to enter the stipulation was neither contrary to, nor an unreasonable application of, clearly established federal law.

Second, the court heard evidence regarding Applicant's claim that trial counsel failed to file a notice of appeal of Applicant's conviction on his behalf. According to the Applicant, he testified at the Rule 35(c) hearing that he told trial counsel to file a direct appeal of his conviction and she agreed to do so after first filing a motion for reconsideration of the judgment. Docket #23 at 2. Applicant further asserts that trial counsel testified at the hearing "she was not 'an Appellant Lawyer' and did not do appeals." Docket #3 at 9. According to the Respondent, trial counsel also testified that she specifically told Applicant she was appointed solely to represent him at trial, that she would not represent him on appeal, and that should he decide to appeal he needed to request the appointment of appellate counsel. Docket #13 at 14.

"[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). On the other hand, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* (citing *Rodriguez v. United States*, 526 U.S. 327 (1969)). In such circumstances, the defendant is entitled to a new appeal, regardless of whether such appeal would have merit. *United States v. Garrett,* 402 F.3d 1262, 1265 (10th Cir. 2005).

9

> Furthermore, as the Supreme Court has explained:
>
> > In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.

*Flores-Ortega,* 528 U.S. at 478. Here, Applicant makes no claim that trial counsel failed to consult with him regarding appeal, and there is no dispute that Applicant and trial counsel had a discussion regarding appeal. Thus, "if counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner *only* by failing to follow the defendant's express instructions with respect to an appeal." *Id.* (emphasis added). Consequently, the issue here turns on the factual questions of (1) what specifically was discussed between Applicant and trial counsel regarding appeal, and (2) whether trial counsel disregarded specific instructions from Applicant to file an appeal.

As stated above, these factual questions were presented to the trial court during Applicant's Rule 35(c) hearing. In habeas proceedings brought pursuant to § 2254, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, the trial court determined that trial counsel had clearly communicated to the Applicant that she would not be representing him on appeal. Further, the appellate court found that the trial court "made detailed findings of fact consistent with trial counsel's testimony," which involved a determination of the credibility of the witnesses, the weight of the evidence and the resolution of conflicting evidence - all matters solely within the province of the trial court. *See* docket #13-4 at 7.

Applicant has provided nothing to rebut the presumption of correctness on the part of the trial court, except to reassert the same arguments presumably made at the Rule 35(c) hearing: (1) that trial counsel told him she would file a notice of appeal after she first filed a motion for reconsideration, and (2) trial counsel abandoned her duties without ever notifying the Court or withdrawing from the case. Such evidence does not meet the clear and convincing standard necessary to overcome the presumption.

In addition, Applicant provides a copy of a May 8, 1997 letter from his trial counsel addressed to the intake counsel for the grievance committee for the Colorado Supreme Court, which responds to Applicant's claim that trial counsel testified untruthfully during the Rule 35(c) hearing. In the letter, trial counsel states that she did, indeed, testify incorrectly that Applicant "tried to sue me in federal court," when she confused him with another client based on a six-year old memory without any preparation for the questions to be asked during the hearing. *See* docket #23 at 10. Applicant apparently seeks to challenge trial counsel's credibility using this admission; however, Applicant fails to show how trial counsel's incorrect testimony relates in any way to the trial court's findings as to the discussion that took place between Applicant and trial counsel regarding the appeal of his conviction. Therefore, Applicant fails to overcome the presumption that the trial court's factual determinations as to the appeal discussion were correct.

In this case, Applicant has failed to establish that habeas review is warranted under § 2254(d) and the record demonstrates that Applicant cannot meet his burden under the *Strickland* test. Therefore, he is not entitled to relief for his ineffective assistance of counsel claim.

**III.    Conclusion**

In viewing the merits of the Applicant's first and second claims, he is not entitled to relief

under 28 U.S.C. § 2254. Applicant has withdrawn his third claim for relief; therefore, the Court recommends dismissal of the claim. Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2254 [filed September 1, 2006; docket #3] be **denied**, and that this case be dismissed with prejudice. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 27th day of October, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).