IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-CV-01738-WDM-MEH

DONALD B. ANDREWS,

      Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

This matter is before me on Magistrate Judge Michael E. Hegarty's

recommendation, issued October 27, 2008 (Docket No. 29), that Applicant Donald B.

Andrews's "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254"

(Docket No. 3) (the "Application") be denied.  Applicant filed a timely objection to the

recommendation (Docket No. 30) and, therefore, is entitled to *de novo* review of the

portions of the recommendation to which objection was made.  28 U.S.C. § 636(b);

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  As

Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to

a "less stringent standard."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A

pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404

U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case including the Application, the answer, the traverse, the recommendation, and Applicant's objections, I conclude that the recommendation shall be accepted in part, but that further input from the parties is appropriate for Applicant's claim regarding trial counsel's failure to file the notice of appeal.

Background

According to the Application, Applicant was convicted on August 22, 1989 of one count of second degree burglary and one count of possession of burglary tools. He was sentenced to thirty years for the burglary conviction and four years for the possession of burglary tools conviction, to be served concurrently. Applicant did not file a direct appeal, although he alleges that he wanted to do so.

Almost five years later, in March 1994, Applicant filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c), arguing that his trial counsel (Tracy Porter) was ineffective because she stipulated as to an element of the burglary crime during trial and failed to file a notice of appeal. After a hearing on Applicant's Rule 35(c) motion, the trial court denied the motion. In July 1997, the Colorado Court of Appeals ("CCA") affirmed the trial court concluding, *inter alia*, that the trial court was correct that Ms. Porter's decision to enter into a stipulation during trial was trial strategy and that, based on the testimony of Ms. Porter, there was no evidence that Ms. Porter's failure to file a notice of appeal constituted ineffective assistance of counsel. The Colorado Supreme Court denied Applicant's petition for certiorari in February 1998. In May 1997, Ms. Porter sent a letter to the intake counsel for the grievance

committee for the Colorado Supreme Court acknowledging that she testified inaccurately at the Rule 35(c) hearing when she stated that "defendant tried to sue me in federal court" because she confused Applicant with another client.  No further action was taken with respect to the misstatement.

In April 1998, Applicant filed a second postconviction motion pursuant to Colo. R. Civ. P. 35(c), re-alleging his ineffective assistance of trial counsel claim and adding claims for ineffective assistance of postconviction counsel, prosecutorial misconduct, and violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  After a hearing, the trial court denied the motion.  On appeal, the CCA affirmed the trial court, concluding that (1) Applicant's second postconviction motion violated Colorado successive petitions rule with respect to the ineffective assistance of trial counsel claim; (2) the alleged deficiencies in postconviction counsel's representation did not prejudice Applicant; and (3) *Apprendi* did not apply because it was not retroactive. The Colorado Supreme Court denied Applicant's petition for certiorari in August 2005.

On August 21, 2006, Applicant filed this habeas corpus petition (Docket No. 3) arguing that (1) his trial counsel was ineffective; (2) his postconviction counsel was ineffective; and (3) his sentence was disproportionate to his crime.  On June 5, 2007, Applicant withdrew his third claim and stated that wished "only [to] proceed on claims #1 and #2 for inifective [sic] assisistance [sic] of counsil [sic]."  (Docket No. 24 at 1.) On October 27, 2008, Magistrate Judge Hegarty issued a recommendation that the application be denied (Docket No. 29).  Applicant timely objected (Docket No. 30).

<u>Legal Standard</u>

As Applicant filed his Application after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute

governs my review.  *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing

*Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).  Under the AEDPA, a

district court may only consider a habeas petition when the applicant argues that he

is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  Before an application may be considered, however, the

Applicant must have exhausted all available state remedies.[1]  *Id.* § 2254(b).  The

grounds for granting a writ of habeas corpus are very limited: "a writ of habeas

corpus . . . shall not be granted with respect to any claim that was adjudicated on the

merits in State court proceedings unless the adjudication of the claim (1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States;

or (2) resulted in a decision that was based on unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d).

For purposes of the AEDPA, "clearly established law as determined by [the

Supreme] Court 'refers to the holdings, as opposed to the dicta, of [the Supreme]

Court's decisions as of the time of the relevant state-court decision.'"  *Yarborough v.*

*Alvarado*, 541 U.S. 652 , 660–61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362,

---

[1]  In this case, it is undisputed that Applicant exhausted his state remedies with respect to Claims 1 and 2.

412 (2000)).  A state court decision is "contrary to" clearly established Federal law if it

"'applies a rule that contradicts the governing law set forth in [Supreme Court] cases'

or if it 'confronts a set of facts that are materially indistinguishable from a decision of

[the Supreme] Court and nevertheless arrives at a different result from [Supreme

Court] precedent.'"  *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v.

Taylor*, 529 U.S. 362, 405–06 (2000)).  A state court decision involves an

"unreasonable application" of clearly established Federal law when "'the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions

but unreasonably applies that principle to the facts of the [applicant's] case.'"

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (quoting *Williams*, 529 U.S. at 413).

"The 'unreasonable application' clause requires the state court decision to be more

than incorrect or erroneous . . . . The state court's application of clearly established

law must be objectively unreasonable."  *Id.* (citing *Williams*, 529 U.S. at 409–10,

412).  A "'federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.'"  *Id.* (quoting *Williams*, 529

U.S. at 411)  Finally, when analyzing an application, all determinations of factual

issues by the State court are presumed to be correct and the Applicant has the

"burden of rebutting the presumption of correctness by clear and convincing

evidence."  28 U.S.C. § 2254(e)(1).

Discussion

1.      Postconviction Counsel

Magistrate Judge Hegarty recommends that Applicant's claim for ineffective assistance of postconviction counsel be denied because there is no constitutional right to postconviction counsel.  Applicant does not object to this portion of the recommendation.  I have reviewed the legal authorities relied upon by Magistrate Judge Hegarty and discern no error.  First, Magistrate Judge Hegarty is correct that the habeas statute expressly provides that a petition may not be based on alleged ineffectiveness of postconviction counsel.  28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Furthermore, Magistrate Judge Hegarty is also correct that the case law is clear that because there is no constitutional right to postconviction counsel, a habeas petition may not be based on the alleged ineffectiveness of such counsel.  *See Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Smallwood v. Gibson*, 191 F.3d 1257, 1266 n.4 (10th Cir. 1999) ("Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because 'there is no constitutional right to an attorney in state post-conviction proceedings.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991))).  Therefore, I conclude that the recommendation shall be accepted with respect to Applicant's claim of ineffective postconviction counsel.

2.      Trial Counsel

Magistrate Judge Hegarty also recommends that the Application be denied

with respect to both of Applicant's claims for ineffective assistance of trial counsel.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) deficient performance, *i.e.*, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) prejudice, *i.e.*, that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689.  Indeed, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  In fact, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

        With respect to Applicant's claim that entering into the stipulation amounted to ineffective assistance, Magistrate Judge Hegarty recommends that the Application be denied because the CCA was correct that entering into the stipulation was trial strategy.  Applicant does not object to this portion of the recommendation.  Again, I

have reviewed the legal authorities relied upon by Magistrate Judge Hegarty and

discern no error.  Magistrate Judge Hegarty noted that the CCA appropriately

identified and applied the *Strickland* standard for evaluating an ineffective assistance

of counsel claim as set forth in *People v. Valdez*, 789 P.2d 406, 409 (Colo. 1990).

He also determined that the CCA's conclusions that (1) Ms. Porter's decision to enter

into a stipulation constituted trial strategy and (2) Applicant failed to demonstrate

prejudice were not unreasonable or contrary to law.  I agree.  Therefore, the

Application shall be denied with respect to this claim.

     With respect to Applicant's claim that it constituted ineffective assistance to fail

to file the notice of appeal, Magistrate Judge Hegarty concluded, just as the CCA did,

that Applicant failed to overcome the presumption of correctness regarding the trial

court's factual findings that Ms. Porter "specifically told defendant that she was

appointed solely to represent him at trial; that she would not represent him on appeal;

and that should he decide to appeal he needed to get appellate counsel appointed."

(Colo. Ct. App. Opinion dated July 24, 1997, Docket No. 13-4 at 8.)  Magistrate

Judge Hegarty also concluded that Applicant failed to demonstrate how Ms. Porter's

letter detailing her inaccurate testimony during the 35(c) hearing relates in any way to

the trial court's findings regarding the discussion of an appeal between Applicant and

Ms. Porter.  Therefore, Magistrate Judge Hegarty recommends that the Application

be denied with respect to the notice of appeal claim.  Applicant generally objects to

Magistrate Judge Hegarty's recommendation regarding his notice of appeal claim but

fails to specifically identify any error in Magistrate Judge Hegarty's analysis of the

CCA's decision.  Indeed, Applicant's objection merely reiterates his allegations

    8

concerning his Sixth Amendment deprivations including that he specifically directed Ms. Porter to appeal the sentence and that she indicated she would file a notice of appeal after she moved for reconsideration.

I agree with Magistrate Judge Hegarty that Applicant has not demonstrated that Ms. Porter's misstatement at the Rule 35(c) hearing relates in any way to his request for an appeal. I also agree with Magistrate Judge Hegarty that the Application should be denied to the extent it seeks vacatur of Applicant's conviction. To the extent that Applicant seeks an opportunity to appeal his conviction and sentence,[2] however, I conclude that further input from the parties is warranted. In *Rodriquez v. United States*, 395 U.S. 327 (1969), the Supreme Court determined that when a defendant requests that his counsel file an appeal and counsel fails to do so, the defendant is entitled to relief without demonstrating that the "denial of an appeal had caused prejudice", *i.e.*, the defendant is not required to show "some likelihood of success on appeal." *Rodriquez v. United States*, 395 U.S. at 329–30 (rejecting the Ninth's Circuit's rule "requiring applicants in petitioner's position to disclose what errors they would raise on appeal and to demonstrate that denial of an appeal had caused prejudice"). Although occurring after the CCA ruled in this case, the Supreme Court itself has acknowledged that *Rodriquez* clearly established that "when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an

---

[2] Although the Request for Relief section of the Application is less than clear that Applicant seeks an opportunity to appeal his conviction and sentence out of time, the Claims section clearly states that "Defendant requests this Court to provide him with a new hearing and Direct Appeal of his sentence and conviction." (Docket No. 3 at 9.) Construing Applicant's *pro se* pleadings liberally, as I must, *see Hall*, 935 F.2d at 1110, I conclude that Applicant is seeking the opportunity to exercise his constitutional right to appeal his conviction and sentence.

appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (discussing *Rodriquez*, 395 U.S. at 329–30); *see also Roe v. Flores-Ortega*,  528 U.S. 470, 477 (2000) (citing *Rodriquez*, 395 U.S. 327 and *Peguero*, 526 U.S. at 28); *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (acknowledging that at least two courts of appeals, *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990), and *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989), had presumed prejudice for failures of counsel to inform a defendant of his right to appeal and citing to *Rodriquez*).

Despite the clear Supreme Court precedent, however, the CCA incorrectly required Applicant to "demonstrate that some meritorious ground for appeal exists, or that counsel committed fraud, deception, or breach of an express agreement to prosecute an appeal."[3]  (Colo. Ct. App. Opinion dated July 24, 1997, Docket No. 13-4

---

[3]  I note that *Strickland* was decided after *Rodriquez* but before the CCA ruled on Applicant's Rule 35(c) motion.  *See Strickland*, 466 U.S. 668, 687 (1984).  Therefore, it is at least arguable that *Strickland's* two-prong test for evaluating ineffective assistance of counsel claims trumped *Rodriquez's* holding.  However, *Strickland* did not overrule *Rodriquez*, did not address relief in the form of a new appeal right, and did not address the core holding of *Rodriquez*—that is, that when there is a complete denial of a procedural right to an appeal, no showing of prejudice is necessary.  *Id.*  As *Rodriquez* was a valid Supreme Court holding at the time of the CCA's decision, *see Yarborough*, 541 U.S. at 660–61 (quoting *Williams*, 529 U.S. at 412) (defining "clearly established" within the AEDPA), and there is no exception to the AEDPA's "contrary to" prong for reasonable interpretations of subsequent decisions, *Rodriquez* was the prevailing Supreme Court precedent that the CCA was obligated to apply.  Furthermore, although some were decided after the CCA's decision, subsequent Supreme Court cases have acknowledged that *Rodriquez* remains good law.  *See Flora-Ortega*, 528 U.S. at 485 ("[I]n *Rodriquez* . . . [w]e held that the defendant, by instructing counsel to perfect an appeal, objectively indicated his intent to appeal and was entitled to a new appeal without any further showing."); *Peguero*, 526 U.S. at 28 ("In *Rodriquez*, the Court held that when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit."); *see also Evitts v. Lucey*, 469 U.S. 387, (1985) (noting that it was ineffective assistance of counsel when counsel's failure to comply with local court rules resulted in

at 7 (citing *People v. Williams*, 736 P.2d 1229, 1231 (Colo. Ct. App. 1986)).)  This

requirement directly contradicts Supreme Court precedent that a defendant need not

demonstrate prejudice when counsel fails to file a requested appeal.  *Rodriquez*, 395

U.S. at 329–30.  As Justice O'Connor has explained in the context of a claimed

ineffective assistance of counsel case, when a state court "applies a rule that

contradicts governing law set forth in [Supreme Court] case" it is certainly "contrary

to" clearly established Federal law giving grounds for habeas relief under 18 U.S.C. §

2254(d)(1) of AEDPA.  *Williams v. Taylor*, 529 U.S. at 405 (O'Connor, J., concurring).

   Although Magistrate Judge Hegarty is correct that the trial court made factual

findings consistent with Ms. Porter's version of the events which are entitled to a

presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), these factual findings do not

change the fact that the CCA applied a standard requiring Applicant to make a

greater showing than necessary under clearly established Federal law.  Given this

error, I could, pursuant to *Rodriquez*, remand this matter to the Colorado Court to

decide the issue in accordance with the established legal standards.  395 U.S. at

332.  However, the record is sufficient for me to conduct a *de novo* review to decide

the ultimate issue without AEDPA deference as permitted in the Tenth Circuit.[4]

───────────────

dismissal of defendant's first appeal and granting defendant a new appeal).

   [4] When 28 U.S.C. § 2254(d)(1)'s requirements are met because a state court
has applied an incorrect legal standard, "a federal court [conducting habeas review]
must then resolve the claim without the deference AEDPA otherwise requires."  *Panetti
v. Quarterman*, 127 S. Ct. 2842, 2858 (2007); *accord Cargle v. Mullin*, 317 F.3d 1196,
1202 (10th Cir. 2003) ("Because the [state court] denied petitioner's claims . . . on the
merits, ordinarily our review would be limited to determining whether the petitioner can
show that the state court's disposition is 'contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court of
the United States.' 28 U.S.C. § 2254(d)(1); *see, e.g., Ellis v. Hargett*, 302 F.3d 1182,

Under *Rodriquez*, if Applicant directly instructed Ms. Porter to file a notice of

appeal and she neglected to do so, it is *per se* ineffective assistance of counsel and

Applicant is entitled to a new appeal.  *Rodriquez*, 395 U.S. at 329–30.  *Rodriquez*,

however, does not specifically address the situation presented by this case.  As

found by the trial court and affirmed by the CCA, facts I presume to be correct, 28

U.S.C. § 2254(e)(1), Applicant expressed to trial counsel some interest in appeal but

was advised by trial counsel that she was appointed only for trial, she would not

represent him on appeal, and he should have appellate counsel appointed.  If I do not

remand, I would need to determine whether trial counsel's failure to file a notice of

appeal under those circumstances constitutes *per se* ineffective assistance of

counsel under *Rodriquez*.  The parties have not focused on these particular issues

and their input may be helpful in my decision making.

Accordingly, it is ordered:

1.   The recommendation of Magistrate Judge Hegarty (Docket No. 29) issued

October 27, 2008 is accepted in part as discussed above.  However, I reserve

ruling on the Applicant's claim that he was denied effective assistance of

counsel when his trial counsel failed to file a requested notice of appeal.

2.   Applicant Donald B. Andrews's "Application for Writ of Habeas corpus

Pursuant to 28 U.S.C. § 2254" (Docket No. 3) is denied with respect to his

---

1187 (10th Cir.2002).  However, this deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue."); *Revilla v. Gibson*, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002) ("Because the OCCA discounted the trial ineffectiveness claim under an improperly heightened standard, we resolve the claim unconstrained by AEDPA deference."  (citations omitted)).

PDF Final                                            12

claims regarding postconviction counsel and trial counsel's decision to enter into a stipulation at trial.

3.    The parties shall file, on or before July 24, 2009, a brief stating their positions on whether I should remand to the state court or decide the issue myself and, if I do not remand, how I should decide the issue presented.  The brief shall not exceed ten pages.

DATED at Denver, Colorado, on June 25, 2009.

                                          BY THE COURT:


                                          s/ Walker D. Miller
                                          United States Senior District Judge