IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-cv-01738-WDM-MEH

DONALD B. ANDREWS,

    Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON APPLICATION FOR HABEAS CORPUS

Miller, J.

    By Order date June 25, 2009 (Docket No. 31), I determined that the Colorado Court of Appeals' ("CCA") adjudication of Applicant's post-conviction motion alleging ineffective assistance of trial counsel "resulted in a decision that was contrary to . . . clearly established Federal law." 28 U.S.C. § 2254(d). The CCA required Applicant to "demonstrate that some meritorious ground for appeal exists, or that counsel committed fraud, deception, or breach of an express agreement to prosecute an appeal." (Colo. Ct. App. Opinion dated July 24, 1997, Docket No. 13-4 at 7 (citing *People v. Williams*, 736 P.2d 1229, 1231 (Colo. Ct. App. 1986)).) Clearly established Supreme Court precedent, however, holds that when a defendant requests that his counsel file an appeal and counsel fails to do so, the defendant is entitled to relief without demonstrating that the "denial of an appeal had caused prejudice", *i.e.*, the defendant is not required to show "some likelihood of success on appeal." *Rodriquez v. United*

*States*, 395 U.S. 327, 329–30 (1969) (rejecting the Ninth's Circuit's rule "requiring applicants in petitioner's position to disclose what errors they would raise on appeal and to demonstrate that denial of an appeal had caused prejudice"); *Peguero v. United States*, 526 U.S. 23, 28 (1999) (noting that *Rodriquez* clearly established that "when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit").  I determined that given the CCA's error, I could, pursuant to *Rodriquez,* 395 U.S. at 332, remand this matter to the Colorado courts to permit Applicant to file a direct appeal or, as permitted in the Tenth Circuit, conduct a *de novo* review to decide the ultimate issue[1] without AEDPA deference, *see Panetti v. Quarterman*, 127 S. Ct. 2842, 2858 (2007); *Revilla v. Gibson*, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002).

As the parties had not previously addressed the issue, I ordered the parties to file briefs detailing their position on whether I should remand to the state court or decide the issue myself and, if I did not remand, how I should decide the issue presented. Applicant filed a timely response essentially reasserting his claims rather than answering the specific questions I asked (Docket No. 32).  He does, however, request that I "remand this case back to the district court and reinstate my appeal rights or vacate the sentence and conviction in the interest of justice and clearly established laws of the court regarding innafective [sic] assistance of counsil [sic] or resentence me your

---

[1] As *Rodriquez* did not deal with the precise circumstances that are presented in this case, *i.e.*, trial counsel who communicated her refusal to file a notice of appeal to defendant and directed defendant to obtain appellate counsel, the ultimate issue is whether these circumstances constitute ineffective assistance of counsel under *Rodriquez*.

self [sic] and restore my appeal rights." (Docket No. 32 at 4.)  Respondents filed an untimely response (Docket No. 35) which, although ultimately requesting dismissal of Applicant's habeas corpus petition, essentially disputes the findings I made in the June 25, 2009 Order.  Indeed, Respondents argue that the CCA's decision was not "contrary to" Supreme Court precedent as *Rodriquez* did not address the exact factual circumstances of this case.  However, Respondents do argue, although without any legal argument or support, that Applicant's failure to file a notice of appeal was chargeable to him.  They assert that trial counsel's actions did not constitute ineffective assistance of counsel because, as the CCA concluded, she clearly communicated the limits of her representation to Applicant.

As the parties failed to fully and timely address the issues that I specifically ordered addressed, I am again left with a choice between remand for the Colorado courts or determination of the issue myself without AEDPA deference.[2]  *See Panetti*, 127 S. Ct. at 2858 (holding that when a state court has applied an incorrect legal standard, on habeas review "a federal court must . . . resolve the claim without the deference that AEDPA otherwise requires").  In this case, I conclude that it is best to determine the ultimate issue myself as this will promote finality of judgments.

After a review of the record in the case and the applicable law, I conclude that Applicant was not denied effective assistance of counsel when trial counsel did not file a notice of appeal as apparently requested by Applicant.  Generally, *Rodriquez*

---

[2] The AEDPA is the "Antiterrorism and Effective Death Penalty Act of 1996," which governs my review of Applicant's Habeas Corpus Application.  *See Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

determined that a new appeal is warranted when a defendant instructs his counsel to file a notice of appeal and counsel fails to do so, *see Rodriquez*, 395 U.S. at 329–30; *see Roe v. Flora-Ortega*, 528 U.S. 470, 485 (2000) ("[I]n Rodriquez . . . [w]e held that the defendant, by instructing counsel to perfect an appeal, objectively indicated his intent to appeal and was entitled to a new appeal without any further showing."); *Peguero*, 526 U.S. at 28 ("In Rodriquez, the Court held that when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit."); *see also Evitts v. Lucey*, 469 U.S. 387, 392 (1985) (noting that it was ineffective assistance of counsel when counsel's failure to comply with local court rules resulted in dismissal of defendant's first appeal and granting defendant a new appeal).  The facts of this case, however, distinguish it from *Rodriquez*.  Here, and as I noted in my June 25, 2009 order (Docket No. 31), the CCA determined that, in discussion of possible appeal, trial counsel expressly communicated to Applicant that "she was appointed solely to represent him at trial; that she would not represent him on appeal; and that should he decide to appeal he needed to get appellate counsel appointed." (CCA opinion dated July 24, 1997, Docket No. 13-4 at 8).  There is no evidence that trial counsel ever accepted responsibility for appeal or that Applicant understood that she had.  I do not read *Rodriquez* as granting a criminal defendant the power to require trial counsel to file an appeal or establishing a rule that the failure of trial counsel to file a Notice of Appeal is *per se* ineffective assistance of counsel, regardless of the circumstances.  Accordingly, to determine whether there has been ineffective assistance of counsel requires that I apply the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under *Strickland*, to prevail on a claim for ineffective assistance of counsel, a petitioner must establish two components. 466 U.S. at 687. First, he must show "that counsel's performance was deficient" meaning that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must also "show that the deficient performance prejudiced the defense." *Id.* at 687. In this case, I conclude that counsel's representation did not fall below an objective standard of reasonableness as she clearly and unequivocally stated that she would not represent Applicant on appeal and advised him to get alternate counsel to pursue his appeal. It is not uncommon for trial counsel to represent a defendant only during the trial phase of a proceeding and for separate appellate counsel to represent a defendant during the appeals process. *See, e.g., Taylor v. Workman*, 554 F.3d 879, 884 (10th Cir. 2009) (noting that a defendant was represented by separate counsel on appeal). Furthermore, the Colorado Rules of Criminal Procedure in effect at the time of Applicant's conviction required the court, after sentencing a defendant, to inform the defendant of "his right to the assistance of appointed counsel upon review of his conviction." Colo. R. Crim. P. 32(c) (1984). This Rule, which contemplates separate counsel on appeal, confirms the absence of an absolute duty for trial counsel to continue with the case beyond the trial phase. Furthermore, I note that, at the time of Applicant's conviction, the filing of a notice of appeal in Colorado was not a mere perfunctory task, but rather required a statement indicating the basis for jurisdiction and "an advisory listing of the issues to be raised on appeal." Colo. R. App. P. 3(g) (1989). Thus, filing a notice of appeal requires at least some legal analysis and professional judgment–a task that trial counsel may be unwilling or unprepared to undertake.

5

Therefore, as I conclude trial counsel's refusal to undertake appeal and his advice for Applicant to obtain appellate counsel was not objectively unreasonable.  Accordingly, Applicant's claim of ineffective assistance of trial counsel is deficient because he has failed to demonstrate one of the two required prongs under *Strickland*.  466 U.S. at 687.

It is therefore ordered:

1. Applicant Donald B. Andrews's "Application for Writ of Habeas corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 3) is denied as to his claim of ineffective assistance of trial counsel for failure to file a notice of appeal.

2. This case is dismissed with prejudice.

DATED at Denver, Colorado, on August 25, 2009.

BY THE COURT:

s/ Walker D. Miller
United States District Judge