IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-CV-01738-WDM-MEH

DONALD B. ANDREWS,

      Applicant,

v.

STATE OF COLORADO - LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ON MOTION TO RECONSIDER APPLICATION FOR HABEAS CORPUS,
TO EXTEND TIME TO FILE NOTICE OF APPEAL,
AND FOR CERTIFICATE OF APPEALABILITY**

---

Miller, J.

      This matter comes before me on Applicant's motion to: (1) reconsider his

Application for Writ of Habeas Corpus; (2) extend the time to file a notice of appeal;

and (3) for a certificate of appealability.  (Docket No. 38.)


                                  Background

      On September 1, 2006, Applicant filed a pro se Application for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 3), asserting three grounds for

relief: (1) ineffective assistance of postconviction counsel; (2) ineffective assistance

of trial counsel based on Applicant's attorney's stipulation as to one element of the

original charge; and (3) ineffective assistance of trial counsel based on Applicant's

attorney's failure to file a notice of appeal on his behalf.  On April 24, 2007, I referred

the matter to Magistrate Judge Michael E. Hegarty.  (Docket No. 16.)  On October

27, 2008, Magistrate Judge Hegarty issued a recommendation that all of Applicant's

claims be denied.  (Docket No. 29.)  On June 25, 2009, I entered an order accepting

in part the recommendations of Magistrate Judge Hegarty and dismissing Applicant's

application in so far as it was based on his claim of ineffective postconviction counsel

and his claim of ineffective trial counsel due to the stipulation entered into by his

attorney at trial.  (Docket No. 31.)  I reserved ruling on Applicant's claim of ineffective

trial counsel due to his attorney's failure to file a notice of appeal.  On August 25,

2009, I entered an order accepting Magistrate Judge Hegarty's recommendation and

dismissing Applicant's application regarding his remaining claim of ineffective trial

counsel due to his attorney's failure to file a notice of appeal.  (Docket No. 36.)  A

judgment thereon was entered August 27, 2009.  (Docket No. 37.)  On September

16, 2009, Applicant, who was previously proceeding pro se, contacted his current

counsel (App.'s Mot. to Reconsider and for Extension 2), and on September 23,

2009, Applicant's counsel filed the present motion (Docket No. 38).


Standard of Review

A motion to reconsider that is filed more than ten days after an order or

judgment is entered is treated as a motion for relief from judgment under Rule 60(b)

of the Federal Rules of Civil Procedure.  *Weitz v. Lovelace Health Sys., Inc.*, 214

F.3d 1175, 1178 (10th Cir. 2000).  Accordingly, because Applicant's present motion

was filed more than ten days after my August 25, 2009 order was issued and the

2

August 27, 2009 judgment entered, I treat it as a motion for relief from judgment under Rule 60(b).

A district court may extend the time to file a notice of appeal if a litigant moves to do so within 30 days after the initial 30-day period and if he shows excusable neglect or good cause.  Fed.R.App.P. 4(a)(1)(A), (a)(5)(A)(i), (a)(5)(A)(ii).

A certificate of appealability may only be issued if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

<u>Discussion</u>

**Motion to Reconsider**

"[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).  Under Rule 60(b), I may relieve Applicant from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Applicant's argument is that because he represented himself in his initial application, but is now represented by counsel, that they, "as lawyers, could

3

have presented his case in a better more persuasive manner, and request the

opportunity to do so."  (App.'s Mot. to Reconsider and for Extension 2.)  Although

Applicant did not submit his motion as one under Rule 60(b) and therefore has not

specified which of the rule's six criteria his motion relies upon, his argument appears

to rest on the first and sixth criteria, and that is how I will consider it.

Turning to the first possible ground - mistake, inadvertence, surprise, or

excusable neglect - I find that no such circumstance is present here to warrant my

reconsideration of Applicant's application.

The Tenth Circuit has held that the mistake provision in Rule 60(b)(1) is

applicable only when a party has made an excusable litigation mistake, when an

attorney in the litigation has acted without authority from a party, or when the judge

has made a substantive mistake of law or fact in the final judgment or order.

*Cahsman*, 98 F.3d at 576.  In this case, I do not discern any substantive mistake of

law in my June 25, 2009 order or my August 25, 2009 order.  Furthermore, as

Applicant was not represented by counsel in his initial application, there is no claim

that an attorney acted without his authority therein.  The types of excusable litigation

mistakes that courts find sufficient to grant a Rule 60(b)(1) motion include things such

as a litigant failing to appear because he relied upon faulty advice of an attorney,

*Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1384-85 (10th Cir. 1981),

and letting an appeal deadline lapse because notice of the entry of judgment was

sent to a pro se litigant's former attorney rather than to the litigant herself, *Wallace v.*

*McManus*, 776 F.2d 915, 917 (10th Cir. 1985).  Applicant does not claim any

4

excusable litigation mistakes made in his initial application, nor can I discern any, but rather argues that his current counsel could more persuasively present his arguments than he did proceeding pro se.  This is not the type of mistake envisioned by the drafters of the rule or recognized in this jurisdiction as sufficient for granting a motion under Rule 60(b)(1).  What a party perceives to be inadequate or sub-par preparation does not constitute excusable neglect, even if that party was proceeding pro se.  12 *Moore's Federal Practice*, § 60.41[1][c][ii] (Matthew Bender 3d ed. 2007) (citing *Salter v. Hooker Chem.*, 119 F.R.D. 7, 8-9 (W.D.N.Y. 1988) (holding that "any failings attributable to plaintiff's former *pro se* status could not be a basis for relief under Rule 60(b).").  The Tenth Circuit has held that "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Casher*, 98 F.3d at 577 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  This appears to be what Applicant is attempting to do here, now with the assistance of counsel, and this motion is not the appropriate venue for such an argument.

Turning next to the sixth possible ground for relief under Rule 60(b) - any other reason that justifies relief - this provision constitutes a "grand reservoir of equitable power to do justice in a particular case." *Cashman*, 98 F.3d at 579 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)).  Despite the broad power given to courts under this provision, it has been interpreted very narrowly, and a district court may grant a Rule 60(b)(6) motion only "when circumstances are so

5

'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Id.* at 580 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).  Courts have generally found such extraordinary circumstances to exist when events not contemplated by the moving party arise after the entry of judgment and make enforcement of the judgment inequitable.  *Id.*  The Supreme Court has said, "Such circumstances will rarely occur in the habeas context," *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and I find nothing so unusual or compelling about Applicant's case.  He has now obtained counsel and believes his lawyers could have presented his application more persuasively than he did, an understandable feeling to be sure, but not one so extraordinary that it offends justice to deny relief.  The appropriate venue for Applicant and his attorneys to make their arguments and contest my earlier decision is the normal appellate process.

Furthermore, Applicant's initial Application for Writ of Habeas Corpus was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), and the AEDPA is therefore applicable to this review as well.  The AEDPA imposes strict limitations on my ability to reconsider habeas applications that have already been ruled on.  Specifically, 28 U.S.C. § 2244(b)(1)-(3)(A) states:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

6

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or subsequent application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Supreme Court had occasion to consider the applicability of these provisions of the AEDPA to motions under Rule 60(b) in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  The Court determined that motions made pursuant to Rule 60(b) that contain one or more "claims" - asserted federal basis for relief from a state court's judgment of conviction - "although labeled a Rule 60(b) motion, [are] in substance [ ] successive habeas petition[s] and should be treated accordingly," *id.* at 531, because "failing to subject [them] to the same requirements would be inconsistent with the [AEDPA]," *id.* (internal quotations omitted).  The Court also analyzed the types of Rule 60(b) motions that would contain such a "claim," and reasoned that they would include things such as motions seeking leave to present a claim due to prior excusable neglect, *id.*, motions seeking leave to present a claim based on newly discovered evidence, *id.*, and motions "attacking the federal court's previous resolution of a claim 'on the merits,' since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief," *id.* at 532.

This is precisely what Applicant is asking me to do - give him leave to present his case again, with the assistance of his attorneys.  Not only does such a request not qualify for relief under the ordinary operation of Rule 60(b), but Applicant has also failed to comply with the requirements for successive petitions under the AEDPA.  In order for me to be able to reconsider Applicant's application, he would have to have already sought an order from the appellate court authorizing me to do so, 28 U.S.C. § 2244(b)(3)(A), which he does not appear to have done.  Furthermore, although it is unclear from Applicant's present motion what types of claims he seeks to advance, if those claims were ones that had already been made in his original application, I would have to dismiss them, 28 U.S.C. § 2244(b)(1), and if those claims were ones that were not made in his  original application, I would only be entitled to grant them if they relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or if the factual predicate for them could not have been discovered before with due diligence and the facts underlying the claims would be sufficient to establish that but for the constitutional error, no reasonable factfinder would have found Applicant guilty.  There is no indication that Applicant has such a basis in seeking reconsideration.

As Applicant's Motion to Reconsider does not qualify under the ordinary operation of Rule 60(b) and because he has not complied with the successive petition requirements of the AEDPA, his motion to reconsider his application should be denied.

## Motion for Extension of Time to File Notice of Appeal

Turning now to Applicant's request that I extend the period of time allotted for

him to file a notice of appeal, a litigant must move for an extension of time to file his notice of appeal within 30 days after the expiration of the initial 30-day period allotted for filing the notice, Fed.R.App.P. 4(a)(1)(A), (a)(5)(A)(i).  Furthermore, in order to be granted an extension of time to file a notice of appeal, a litigant must show "excusable neglect or good cause."  Fed.R.App.P. 4(a)(5)(A)(ii).  Whether there exists excusable neglect such that a motion for an extension of time to file a notice of appeal should be granted depends on a number of factors, including "the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).  "Excusable neglect applies in situations where there is fault," and where "the need for an extension is usually occasioned by something within the control of the movant."  Fed.R.App.P. 4 advisory committee's note (2002 amendments).

"The concept of good cause take[s] account of a narrow class of cases in which a traditional excusable neglect analysis would be inapposite."  *Id.* (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000) (internal quotations omitted)).  Good cause exists to extend the amount of time allotted for a litigant to file a notice of appeal "in situations in which there is no fault - excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  *Id.* at 1207 (quoting Fed.R.App.P. 4(a)(5) advisory committee's note (2002 Amendments) (internal quotations omitted)).

9

As grounds for his motion, Applicant states that he was previously proceeding pro se, but contacted his current counsel on September 16, 2009, approximately three weeks after my August 25, 2009 order.  (App.'s Mot. to Reconsider and for Extension 2.)  The present motion was filed on September 23, 2009, just one week after counsel was contacted.  (*Id.*)  The motion states, "Counsel has not yet had an opportunity to review all relevant filings in this case, but has reviewed many of them" and "does believe that a meritorious argument can be made to support the applicant's writ of habeas corpus."  (*Id.*)

In this case, it does not appear that there is any fault to be excused, either on the part of Applicant or his attorneys.  It appears as though after I denied Applicant's initial application, he worked to find an attorney to take his case, and was able to do so on September 16, 2009.  Applicant's attorneys appear to have started working on the case immediately, as they filed the present motion just one week after being contacted by Applicant.  It further appears that applicant's attorneys are working to review all filings in this case, and are simply in need of more time to do so before filing their notice of appeal.  I also note that counsel for the government does not object to an order allowing Applicant additional time to file his notice of appeal.  (App.'s Mot. to Reconsider and for Extension 1-2.)  After considering all of the relevant factors in this case, I determine that good cause exists and Applicant's Motion for Extension of Time to File Notice of Appeal should be granted.  Consistent with the requirements of Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure, I hereby grant Applicant until October 28, 2009 to file his Notice of Appeal.

### Motion for Certificate of Appealability

Finally, turning to Applicant's request for a certificate of appealability, 28

U.S.C. § 2253(c) sets out the requirements for obtaining a certificate of availability.  It

states:

> (c)(1) Unless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of
> appeals from -
> (A) the final order in a habeas corpus proceeding in which
> the detention complained of arises out of process issued by
> a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph
> (1) only if the applicant has made a substantial showing of
> the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall
> indicate which specific issue or issues satisfy the showing
> required by paragraph (2).

An applicant has only made the required "substantial showing of the denial of a

constitutional right" if he has demonstrated that "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(internal quotations omitted).  In order to issue a certificate of appealability to

Applicant, I would need to find that reasonable jurists could debate whether

Applicant's petition should have been granted or that the issues presented were

adequate to deserve encouragement to proceed further as to his claim of: (1)

ineffective assistance of postconviction counsel; or (2) ineffective assistance of trial

counsel based on Applicant's attorney stipulating as to one element of the original

charge; or (3) ineffective assistance of trial counsel based on Applicant's attorney's

failure to file a notice of appeal on his behalf.

Regarding his claim of ineffective assistance of postconviction counsel, Applicant has failed to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  As an initial matter, I note that Applicant failed to object to Magistrate Judge Hegarty's recommendation on this issue.  Furthermore, it is clearly established that "[t]here is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.  See *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (citing and quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).  Additionally, the habeas statute clearly states, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  I therefore conclude that reasonable jurists could not debate whether the petition should have been granted on this issue, and accordingly, I decline to issue a certificate of appealability on this point.

I similarly conclude that reasonable jurists could not debate whether Applicant's petition should have been resolved in a different manner as to his claim of ineffective assistance of trial counsel due to his trial counsel's stipulation at trial as to one of the required elements.  I again note that Applicant did not object to this portion of Magistrate Hegarty's recommendation.  Furthermore, as Magistrate Hegarty and the Colorado Court of Appeals noted, the decision of Applicant's trial counsel to enter

12

into a stipulation regarding one of the required elements of the burglary charge constituted trial strategy, and Applicant failed to demonstrate prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Accordingly, I decline to issue a certificate of appealability on this point as well.

Finally, with respect to Applicant's claim that it constituted ineffective assistance of counsel when his trial counsel failed to file a notice of appeal, I do not find that reasonable jurists could debate whether Applicant's petition should have been resolved in a different manner.  As I previously acknowledged in my August 25, 2009 order, the Colorado Court of Appeals applied the wrong standard in evaluating Applicant's ineffective assistance of counsel claim when it required him to "demonstrate that some meritorious ground for appeal exists, or that counsel committed fraud, deception, or breach of an express agreement to prosecute an appeal" (Colo. Ct. App. Opinion dated July 24, 1997, Docket No. 13-4 at 7 (citing *People v. Williams*, 736 P.2d 1229, 1231 (Colo. Ct. App. 1986))).  Rather, once it has been shown that a litigant's counsel was ineffective, *Rodriquez v. United States*, 395 U.S. 327, does not require him to show a likelihood of success on appeal before an appeal can be granted.  However, despite the Colorado Court of Appeals' application of the wrong standard, I ultimately determined that the facts of this case were sufficiently different than those in *Rodriquez* and that based on those facts, Applicant's trial counsel was not ineffective, and therefore he was not entitled to an appeal on those grounds.  I reasoned that the performance of Applicant's trial counsel did not fall below an objective standard of reasonableness, as required under *Strickland*, because she clearly told Applicant that she would not represent him on

13

appeal and advised him to get alternate counsel to pursue his appeal.  I do not believe that reasonable jurists could debate whether this portion of Applicant's petition should have been resolved in a different manner because, as I pointed out in my August 25, 2009 order, Colorado law contemplates separate counsel on appeal, and confirms the absence of an absolute duty for trial counsel to continue with the case beyond the trial phase.  (*See* August 25, 2009 Order 5.)  I do not believe reasonable jurists could debate whether trial counsel, in all circumstances, including after informing a client that her representation would end after trial and that he would need to obtain new counsel on appeal, is thereafter still required to file a notice of appeal if the client so instructs her.  Accordingly, I decline to issue a certificate of appealability on this point.

Accordingly, it is ordered:

    1. Applicant's Motion for Reconsideration is denied.

    2. Applicant's Motion for Extension of Time to File a Notice of Appeal is granted.  Applicant shall have until November 2, 2009 to file his Notice of Appeal.

    3. Applicant's Motion for a Certificate of Appealability is denied.

DATED at Denver, Colorado, on October 9, 2009.

                    BY THE COURT:


                    s/ Walker D. Miller
                    United States Senior District Judge